UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYRA MOORE, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, | : <br> : CIVIL ACTION NO. 13-1515 <br> : |
| Plaintiffs, | : |
| v. | : |
| RITE AID HDQTRS CORP. d/b/a RITE AID CORPORATION; LEXISNEXIS SEARCH SOLUTIONS, INC., | : <br> : <br> : |
| Defendants. | : |

**DEFENDANT RITE AID'S MOTION FOR RANDOM ASSIGNMENT AND TO STRIKE THE PLAINTIFFS' DESIGNATION OF RELATED ACTIONS**

For the reasons set forth in the accompanying Memorandum of Law in Support of the Motion for Random Assignment and to Strike the Plaintiffs' Designation of Related Actions, Defendant Rite Aid Hdqtrs Corp. d/b/a Rite Aid Corporation ("Rite Aid"), by and through its undersigned counsel, hereby moves for an Order reassigning this case pursuant to Eastern District of Pennsylvania Local Rule of Civil Procedure 40.1(b)(3)(A).  Defendant Rite Aid further moves for an Order striking Plaintiffs' designation of "related" actions.

Respectfully submitted,

s/ Alison C. Morris
Jonathan D. Wetchler, Esquire
Caroline M. Austin, Esquire
Sean S. Zabaneh, Esquire
Alison C. Morris, Esquire
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1000
*Attorneys for Defendants Rite Aid Hdqtrs Corp. d/b/a Rite Aid Corporation*

DATED:  May 16, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYRA MOORE, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID HDQTRS CORP. d/b/a RITE AID CORPORATION; LEXISNEXIS SEARCH SOLUTIONS, INC.,<br><br>Defendants. | CIVIL ACTION NO. 13-1515 |

**DEFENDANT RITE AID'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR RANDOM ASSIGNMENT AND TO STRIKE THE PLAINTIFFS' DESIGNATION OF RELATED ACTIONS**

I.   **INTRODUCTION**

Plaintiff Kyra Moore, on behalf of herself and others similarly situated (collectively "Plaintiffs"), filed this action (the "*Moore* Case") in the United States District Court for the Eastern District of Pennsylvania. In filing this case, Plaintiffs assert that this action is related to the matter captioned *Goode et al v. LexisNexis Risk & Information Analytics Group, Inc.*, No. 11-2950 (the "*Goode* Case"), pending before the Honorable Jan E. DuBois. By designating these cases as "related," the Plaintiffs caused this case to be assigned automatically to the Honorable Jan E. DuBois.

This case is not "related" to the *Goode* Case under the terms of Eastern District of Pennsylvania Local Rule 40.1(b)(3)(A) because it does not "involve the same issue of fact or grow out of the same transaction." The *Goode* Case is a putative class action alleging that LexisNexis Risk & Information Analytics Group, Inc. violated the Fair Credit Reporting Act ("FCRA") by classifying plaintiffs and other low-wage retail workers as thieves and distributing this information to potential employers without complying with the statutory requirements of the FCRA. *Goode*

Compl. ¶¶ 1-2.  The *Moore* Case varies significantly from the *Goode* Case because it involves, among other distinctions, a different putative class of plaintiffs, different defendants, different allegations, different transactions occurring during different time periods, different defenses and different remedies.

Because of these distinct parties, facts and legal issues, this case is not "related" to the *Goode* Case and should be returned to the Clerk for random assignment.

## II.     FACTS

On March 22, 2013, Plaintiffs commenced this action by filing a complaint in the United States District Court for the Eastern District of Pennsylvania.  In completing the Civil Cover Sheet required by the Clerk's office for purposes of initiating the civil docket, the Plaintiffs asserted that this case is "related" to the *Goode* Case.  The *Goode* Case, filed on May 3, 2011 in the Eastern District, was assigned to the Honorable Jan E. DuBois.  See *Goode* Compl.  In *Goode*, on March 23, 2012, Judge DuBois denied defendant LexisNexis's motion to dismiss and permitted the plaintiffs' claims under 15 U.S.C. 1681b(b)(3)(A) and 15 U.S.C. 1681g(a)(1) to proceed.  See Goode v. LexisNexis Risk & Information Analytics Group, Inc., No. 11- 2950, 2012 U.S. Dist. LEXIS 39863 (E.D. Pa. Mar. 23, 2012).  The *Goode* Case remains pending before Judge DuBois.

## III.    LEGAL ARGUMENT

The random, unpredictable assignment of cases to district judges is the overarching rule of the federal judicial system.  In the Eastern District of Pennsylvania, Local Rule of Civil Procedure 40.1(b)(3)(A) is a narrow exception to the system of random assignment.  Local Rule 40.1(b)(3)(A) provides, in pertinent part, "Civil cases are deemed related when a case filed . . . involves the same issue of fact or grows out of the same transaction as another suit . . ." E.D. Pa. Loc. R. Civ. P. 40.1(b)(3)(A) (emphasis added).

The purpose of Local Rule 40.1(b)(3)(A) is "to foster judicial economy by allowing one judge to consider all actions arising out of the same transaction, while avoiding any possible

2

confusion and prejudice that might befall parties if they were directed to the same judge but were pursuing dissimilar actions." Sellers v. Philadelphia Police Comm'r Timoney, No. 01-3760, 2002 U.S. Dist. LEXIS 25712, at *9 (E.D. Pa. Feb. 7, 2002). Courts are vigilant against abuse of this rule by a party seeking to have its case assigned to a specific judge based on that judge's favorable ruling in a marginally similar case. See Ignatyev v. Chertoff, No. 08-1547, 2008 U.S. Dist. LEXIS 31573, at *7-8 (E.D. Pa. Apr. 16, 2008) ("Although affection for a judge's rulings in one case is natural and predictable for similarly situated 'downstream' parties, labeling a case as 'related' in order to be assigned a more favorable judge is certainly not what was intended by Local Rule 40.1.").

> **A.    This Case Is Not "Related" to the Pending *Goode* Case Because It Involves Neither the "Same Issue of Fact" Nor "Grows Out of the Same Transaction" as the *Goode* Case.**

Eastern District courts have reassigned cases for random assignment when the cases are determined to involve distinct issues of fact or arise from different transactions, although they were initially filed as "related." See Sherfey v. Johnson & Johnson, No. 12-4162, 2012 U.S. Dist. LEXIS 116382, at *2-4, 7 (E.D. Pa. Aug. 17, 2012) (products liability cases not "related" where cases allege the purchase of different medicines on different dates by different retailers); Meijer, Inc. v. Biovail Corp., No. 08-2431, 2008 U.S. LEXIS 58135, at *15 (E.D. Pa. July 31, 2008) (cases not "related" because the cases involve distinct time periods, drugs, and patents); Sellers, 2002 U.S. Dist. LEXIS 25712, at *9-10 (finding case unrelated to three other cases because it arose out of a "transaction entirely distinct" from the transaction underlying the three other cases).

In accordance with courts' narrow interpretation of the meaning of "same" in Local Rule 40.1(b)(3)(A), courts require a high degree of similarity in order to deem cases "related." See Sherfey, 2012 U.S. Dist. LEXIS 116382, at *8-9 ("The virtues of transparency, avoiding the appearance of arbitrariness, and upholding the integrity of the random assignment system weigh in

favor of a narrow interpretation of Rule 40.1 and for random assignment . . . ."); Sellers, 2002 U.S. Dist. LEXIS 25712, at *9-10 (three cases "related" where each involved claims arising from the same "central events . . . which occurred as the alleged consequences of police surveillance and infiltration of the preparations at the warehouse at 4100 Haverford Avenue on July 31 and August 1"). Mere similarity of parties or legal defenses does not suffice, as Local Rule 40.1(b)(3)(A) "specifically requires the same issue of fact or the same transaction." See Roberts v. Fleet Bank, No. 00-6142, 2001 U.S. Dist. LEXIS 1879 (E.D. Pa. Jan. 11, 2001) (cases not "related" because "[a]lthough the defendants are the same, and the same statute is alleged to have been violated, the plaintiffs are different, the plaintiff class is defined differently, and a different aspect of the defendants' alleged banking practices is challenged"); Ignatyev, 2008 U.S. Dist. LEXIS 31573, at *7-8 (cases not "related" even though the "same policies are allegedly employed by defendants, and the same consequences from the policies" because each case involves distinct factual issues and the "rule specifically requires the same issue of fact or the same transaction").

Applying the requirement under Local Rule 40.1(b)(3)(A) that the issues of fact or transaction be the "same", it is clear that the *Moore* Case and the *Goode* Case are not "related." First, these cases involve entirely distinct parties. Cases involving different parties are not "related." See Roberts, 2001 U.S. Dist. LEXIS 1879. The *Goode* Case names as a defendant only LexisNexis Risk & Information Analytics Group, Inc. See *Goode* Compl. ¶ 2. This case names as defendants both LexisNexis Search Solutions, Inc. and Rite Aid Hdqtrs Corp. See *Moore* Compl. ¶¶ 1, 3. While both cases implicate a LexisNexis corporate entity, that relationship is not enough to find the cases "related." Additionally, each case involves different plaintiffs who seek to represent a different putative class. In the *Goode* Case, plaintiffs Keesha Goode and Victoria Goodman seek to represent a putative class of low-wage retail workers or potential employees who were fired or denied employment by various employers based on background checks conducted by LexisNexis

4

Risk & Information Analytics Group, Inc.  See *Goode* Compl. ¶¶ 1, 2, 95.  In this case, Plaintiff Kyra Moore seeks to represent a putative class of employees or applicants for employment with one employer, Rite Aid Hdqtrs Corp., who were subject to an adverse employment decision based on the contents of a background check report provided by LexisNexis Search Solutions, Inc. and for whom Rite Aid Hdqtrs Corp. failed to provide the employee or applicant their consumer report or copy of the FCRA summary of rights.  See *Moore* Compl. ¶¶ 1, 3, 57.

Second, these cases assert distinct allegations.  The plaintiffs in the *Goode* Case allege violations of the FCRA by a consumer reporting agency ("CRA") under 15 U.S.C. § 1681b(b)(3) and 15 U.S.C. § 1681g(a).  See *Goode* Compl. ¶¶ 4, 5.  By contrast, the Plaintiffs in this case allege FCRA violations by an user/employer under 15 U.S.C. § 1681b(b)(3) and by a CRA under 15 U.S.C. §§ 1681e(b), 1681g and 1681i.  See *Moore* Compl. ¶¶ 1, 4, 5.  Although both cases allege violations of 15 U.S.C. § 1681b(b)(3) and claim that similar consequences resulted from such violations—namely, denial of employment – Local Rule 40.1(b)(3)(A) requires more similarity.  See Ignatyev, 2008 U.S. Dist. LEXIS 31573, at *7 (cases not "related" despite alleged violations of the same policies and the same consequences resulting from the policies); Meijer, Inc., 2008 U.S. LEXIS 58135, at *17 (cases not "related" even though "both actions may involve similar issues concerning antitrust law, the pharmaceutical industry, and class certification").

Furthermore, this case includes allegations entirely absent from the *Goode* Case.  Here, Plaintiffs claim that Rite Aid Hdqtrs Corp., an employer and user of consumer reports, violated the FCRA by using a consumer report provided to it by a CRA to make an adverse employment decision without providing the consumer a copy of the report and summary of rights and time to dispute the report before the adverse action is taken.  See *Moore* Compl. ¶ 1.  In contrast, in the *Goode* Case, only the CRA (a LexisNexis corporate entity), not the employer, was alleged to have made an adverse action in violation of the FCRA when it verified an Esteem match and assigned a

5

non-competitive score to the consumer and provided that information (report) to downstream users/employers of the report, which resulted in adverse employment actions.  See Goode Compl. ¶¶ 6, 108-110.

  Third, the allegations in these cases arise from distinct transactions.  Cases are not "related" where different transactions underlie the claims.  See Sellers, 2002 U.S. Dist. LEXIS 25712, at *10.  The transactions in this case focus on "adverse employment decisions" made by Rite Aid Hdqtrs Corp. – in addition to the transactions involving the dissemination of information by LexisNexis Search Solutions, Inc.  See Moore Compl. ¶ 1.  The transactions alleged in the Goode Case relate only to the actions of LexisNexis Risk & Information Analytics Group, Inc., not the transactions of any employer.  See Goode Compl. ¶ 2.  Given these distinct transactions, each case will involve the use of different facts, evidence and witnesses, and the application of different law.

  Fourth, the cases arise from transactions occurring during different time periods.  Cases involving conduct that occurs on different occasions are not "related."  See Sherfey, 2012 U.S. Dist. LEXIS 116382, at *7; Meijer, Inc., 2008 U.S. LEXIS 58135, at *15 (cases not "related" where "the alleged conduct at issue" occurred in a distinct time period); Sellers, 2002 U.S. Dist. LEXIS 25712, at *10 (case not related where it involved an "arrest and detention [that] took place at a different time and place and under different circumstances").  In the Goode Case, the putative class is defined in relation to the period of time "within two years preceding the filing of this action and during its pendency," Goode Compl. ¶ 95, while the putative class in the Moore Case is defined with respect to the time period "within two years prior to the filing of this action," Moore Compl. ¶ 57.  Because the Goode Case was filed on May 3, 2011, while the Moore Case was filed on March 22, 2013, except for a period of little more than one month, the class in the Goode Case relates to a time period entirely distinct from the class in the Moore Case.

Fifth, given the distinct parties and allegations, the cases involve different defenses. In particular, since Rite Aid is not a party to the *Goode* Case, it need not assert any defenses in that case. While a LexisNexis corporate entity is a defendant in both cases, LexisNexis' defense are likely to be different because the allegations against the LexisNexis corporate entity are different.

Sixth, the Plaintiffs in these cases seek different remedies, including statutory remedies. The *Goode* Case seeks remedies only under the FCRA provision 15 U.S.C. § 1681n, see *Goode* Compl. ¶¶ 115, 122, while the *Moore* Case seeks remedies under the FCRA provisions 15 U.S.C. §§ 1681n and 1681o, see *Moore* Compl. ¶¶ 79, 86, 91, 96.

Thus, the distinct parties, allegations, transactions, time periods, defenses and remedies sought in this case as compared to the *Goode* Case require its random assignment to a district judge in accordance with Local Rule 40.1(b)(3)(A). At best, any similarities among the cases exist only at "some generalized level" which hardly meets the definition of "related" in the rule. See Meijer, Inc., 2008 U.S. LEXIS 58135, at *15 (cases having a "logical relationship at some generalized level" are not "related"). Further, any attempt to "relate" the cases based on Judge DuBois's favorable rulings to the plaintiffs in the *Goode* Case would pervert the principles of Local Rule 40.1(b)(3)(A). See Ignatyev, 2008 U.S. Dist. LEXIS 31573, at *7-8.

**IV.     CONCLUSION**

For the reasons set forth above, Defendant Rite Aid respectfully requests that this Court enter the attached proposed Order indicating that it will return this case to the Clerk for random selection of the district court judge to hear the case because this case is not related to the pending *Goode* Case.

Respectfully submitted,

s/ Alison C. Morris
Jonathan D. Wetchler, Esquire
Caroline M. Austin, Esquire
Sean S. Zabaneh, Esquire
Alison C. Morris, Esquire
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1000
*Attorneys for Defendants Rite Aid Hdqtrs*
*Corp. d/b/a Rite Aid Corporation*

DATED:  May 16, 2013