IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYRA MOORE, on behalf of herself and others similarly situated,<br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>RITE AID HDQTRS CORP., doing business as "RITE AID CORPORATION"; and LEXISNEXIS SEARCH SOLUTIONS, INC.,<br>　　　　　　　Defendant. | CIVIL ACTION<br><br><br><br>NO. 13-1515 |

DuBOIS, J.                                                                                       September 10, 2013

## M E M O R A N D U M

### I.  INTRODUCTION

Plaintiff Kyra Moore brings this putative class action against defendant Rite Aid alleging violations of, *inter alia*, the notice requirement in 15 U.S.C. § 1681b(b)(3) of the Fair Credit Reporting Act (FCRA).  When filing the complaint, plaintiff designated the case as a related action to Goode v. LexisNexis Risk & Information Analytics Group, Inc., Civil Action No. 11-2950, pursuant to Eastern District of Pennsylvania Local Rule of Civil Procedure 40.1 [hereinafter Local Rule 40.1].  Presently before the Court is Defendant Rite Aid's Motion for Random Assignment and To Strike the Plaintiff's Designation of Related Actions.  For the reasons set forth below, defendant's motion to strike the designation as a related case is denied.

### II.  BACKGROUND[1]

At issue in the present case is Rite Aid's use of LexisNexis to conduct "adjudications" of employee–candidates selected for a new position or promotion pending the results of a background

---
1. The facts are taken from the Class Action Complaint.

1

check.  Class Action Compl. ¶ 31.  LexisNexis uses multiple databases to conduct background checks on applicants and runs the results of the screening through a pre-arranged adjudication matrix that scores each applicant "Non-Competitive," "Eligible," or "Decisional."  Id. ¶¶ 30, 33.  Plaintiff alleges that a LexisNexis adjudication of "Non-Competitive" is an adverse action taken on behalf of Rite Aid, which requires Rite Aid to give the employee notice of the contents of the background check before LexisNexis inputs the results into the scoring matrix.  Id. ¶¶ 36, 70.

One element of Rite Aid's background check is the LexisNexis ESTEEM database.  Id. ¶ 32.  ESTEEM is a "Retail Theft Contributory Database" that allows companies to share incidents of theft and fraud among employees or customers.  Id. ¶ 12.  Submission to the ESTEEM database requires an employee's identifying information and a Voluntary Admissions Statement (VAS) signed by the employee admitting to the theft or fraud.  Id. ¶ 19.  ESTEEM does not require that employers provide a copy of the VAS to the employee or notify the employee of the purpose of the VAS, nor does ESTEEM require that the report contain the words "admit," "admission," or "theft."  LexisNexis interprets any ambiguity in the VAS in favor of the contributing employer, and employees are never asked for clarifying information. Id. ¶¶ 21, 26.

When filing the instant case, plaintiff designated it as related to Goode v. LexisNexis Risk & Information Analytics Group, Inc., Civil Action No. 11-2950.  In Goode, plaintiffs alleged that LexisNexis violated, *inter alia*, the notice requirements of 15 U.S.C. § 1681b(b)(3) in the FCRA by conducting employment adjudications without first notifying the employees of the contents of the ESTEEM report.  Pl.'s Am. Class Action Compl. ¶¶ 119–20, Goode v. LexisNexis Risk & Information Analytics Group, Inc. (No. 11-cv-2950).  In both cases, plaintiffs allege that the inability to contest the ESTEEM reports before their employers took adverse action negatively

impacted their prospects for employment and promotion. Class Action Compl. ¶¶ 36, 44–45; Pl.'s Am. Class Action Compl. ¶ 123, Goode v. LexisNexis Risk & Information Analytics Group, Inc. (No. 11-cv-2950).

### III. LEGAL STANDARD

Local Rule 40.1(c)(1) requires the clerk to assign cases marked related by the parties to the same judge to whom the earlier related case is assigned. The court can order the case reassigned by random selection if the judge determines the cases are not related. Civil cases are related in three circumstances: (1) the new case relates to property included in another suit; (2) the new case "involves the same issue of fact or grows out of the same transaction as another suit"; or (3) the new case involves the validity or infringement of a patent in another suit. Local Rule 40.1(b)(3)(A).

Cases involving the same issue of fact or growing out of the same transaction do not need to be identical, but the central events of the case must have a core of similarity. See Sellers v. Timoney, No. 01-3804, 2002 WL 32348499, *3 (E.D. Pa. Feb. 7, 2002); Meijer, Inc. v. Biovail Corp., No. 08-2431, 2008 WL 2944648, *3 (E.D. Pa. July 31, 2008) ("[T]he question before the Court is not whether the cases have a logical relationship at some generalized level. The question is whether they involve the 'same issue of fact' or arise out of the 'same transaction.'") (quoting Local Rule 40.1). The rule promotes judicial efficiency by allowing one judge to hear all cases arising out of one set of facts, Sellers, 2002 WL 32348499, at *3, and prevents parties from being exposed to contradictory judgments when different courts adjudicate the same property, patent, or transaction. See Local Rule 40.1(b)(3)(A).

Courts interpret the rule narrowly because the selection of a random judge "encourages

3

transparency, fairness, and avoiding the appearance of arbitrariness." Sherfey v. Johnson & Johnson, No. 12-4162, 2012 WL 3550037, * 2 (E.D. Pa. Aug. 17, 2012); see also Ignatyev v. Chertoff, No. 08-1547, 2008 WL 1757841, *2 (E.D. Pa. Apr. 16, 2008) ("[L]abeling a case as 'related' in order to be assigned to a more favorable judge is certainly not what was intended by Local Rule 40.1.").

**IV. ANALYSIS**

Rite Aid asserts that Goode and Moore are unrelated because of differences in the parties, allegations, time period, and requested remedies. By concentrating on how the cases diverge, defendant's arguments miss the mark: related cases need not be identical. Sellers, 2002 WL 32348499, at *3. The proper test is whether (1) the two cases contain central events with a core of similarity, such that assigning the cases to one judge would increase judicial efficiency, see Sellers, 2002 WL 32348499, at *3, or (2) the two cases concern a common piece of property, patent, or transaction, such that assignment to one judge would reduce the risk of inconsistent judgments, see Local Rule 40.1(b)(3)(A).

Both Moore and Goode are class actions concerning multiple transactions, so the appropriate standard is whether the cases contain a central event with a core of similarity. See Local Rule 40.1(b)(3)A ("involves the same issue of fact *or* grows out of the same transaction as another suit") (emphasis added); Sellers, 2002 WL 32348499, at *3.

In Sellers, the court examined the relatedness of four cases arising out of arrests made before the August 2000 Republican National Convention in Philadelphia. Id. at *1. The first case, Franks v. City of Philadelphia, Civil Action No. 01-1444, concerned a police raid, before the Convention, of a warehouse rented to performance artists and demonstrators. Id. The court held

that three of the four cases arose from the warehouse raid and were related even though the parties, claims, and relief were not identical; the cases were related because their central events had a core of similarity.  Id. at *3.  The court declared that the fourth case, which arose from an arrest two days after the raid on the warehouse, was unrelated because the arrest occurred at a different time and place and under different circumstances than the arrest of the plaintiff in Franks.  Id. at *2–3.

Moore shares a central core of common facts with Goode.  Both are putative class actions concerning LexisNexis's employment adjudications using the ESTEEM database.  The central legal question in each is whether LexisNexis's employment evaluations, as structured, violate provisions of the FCRA. Whether LexisNexis or its clients are alleged to have violated the FCRA, LexisNexis's practices when collecting information, creating reports, and providing notice are at issue in the two cases.  In short, the cases are related because the harm alleged to have been sustained by both putative classes stems from the same facts—the use of LexisNexis's employment adjudication services and whether such conduct violates the FCRA.

## V.  CONCLUSION

For the foregoing reasons, the Court denies defendant's Motion for Random Assignment and to Strike Plaintiff's Designation of Related Actions.   An appropriate Order follows.