UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYRA MOORE, on behalf of herself and others similarly situated, | : : | |
| Plaintiffs | : | C.A. No. 13–cv–1515-JD |
| v. | : : | CLASS ACTION |
| RITE AID HDQTRS CORP. d/b/a RITE AID CORPORATION, | : : | |
| Defendant | : | |

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
_____

At a telephone conference with the Court on November 5, 2013, conducted jointly with counsel in this matter and the related action, *Goode v. LexisNexis Risk & Information Analytics Group, Inc.*, C.A. No. 11-2950-JD ("*Goode*"), the Court asked the parties to state their respective position regarding the impact on this matter, if any, of the Class Action Settlement Agreement in *Goode*, to be filed on November 15, 2013. The Goode Plaintiffs are, in this Supplemental Memorandum, explaining why the *Goode* Class Action Settlement Agreement, which has now been filed, does not alter Plaintiff's class claims in this case.

1. **The Relationship between the Two Lawsuits**

In *Goode v. LexisNexis Risk & Information Analytics Group, Inc.*, 848 F. Supp. 2d 532 (E.D. Pa. 2012), this Court ruled, *inter alia*, that the consumer plaintiffs there could not pursue a "willfulness" claim against LexisNexis, a consumer reporting agency, for violations of 15 U.S.C. § 1681b(b)(3), for using consumer reports to adjudicate applicants for employment as being ineligible for hire by its employer customers, and doing so before those applicants were sent the statutory Pre-Adverse Action Notice. The Court's decision left open the question of whether the same willfulness claim could be brought against the employers themselves, on whose behalf

1

LexisNexis performed those employment eligibility adjudications. The pending Motion to Dismiss frames that precise question with regard to one of LexisNexis's employer customers, defendant Rite Aid Corp.

*Goode* considered the section 1681b(b)(3) claim in the context of a single employment background product—the Retail Theft Contributory Database, or "Esteem"—while this case raises the claim against a single employer-customer of LexisNexis (Rite Aid), but regarding the whole array of employment background products purchased by that employer from LexisNexis. *See* Complaint, ¶¶ 32, 33 (alleging that, with regard to the adjudication services provided by LexisNexis to Rite Aid, Esteem was only "one element of a multi-element background screening that LexisNexis performs on the pool of consumers selected by Rite Aid for hire or promotion," such that "if a consumer applicant cleared an ESTEEM search, she could still be scored Non-Competitive if she failed to clear another element of the screening package, such as a criminal records check.") Thus, according to the Complaint, whether the basis of the "Non-Competitive"[1] score was an Esteem match or a criminal records hit, the same non-compliant Pre-Adverse Action Notice was sent to the job applicant on behalf of Rite Aid, *i.e.*, *after* the adjudication had already occurred and been reported to Rite Aid by LexisNexis.

   **2.  The Release in *Goode* Does Not Cover Rite Aid**

The *Goode* settlement was entered into between the plaintiffs there and First Advantage LNS Screening Solutions, Inc., f/k/a LexisNexis Screening Solutions, Inc.  The Settlement Agreement[2] provides that, "[u]pon Final Judgment," meaning, after final approval of the Agreement by the Court, "Class Representatives and each Settlement Class Member who has not

---

[1] "Non-Competitive" is Rite Aid's chosen nomenclature for a determination that the applicant is ineligible for hire under Rite Aid's selected adjudication matrix. *See* Complaint, ¶ 33.
[2]  The Settlement Agreement presented to the Court for preliminary approval in the *Goode* case is docketed in that case as Doc. No. 58.

opted out . . . fully, finally, and forever release and discharge Released Parties, and each of them, from any Claims," as defined by the Agreement. *Goode* Settlement Agreement, ¶ 3.1. "Released Parties" is a defined term, referring to "Defendant and each of its . . . past and present parents and subsidiaries and affiliate corporations . . . without limitation, First Advantage." *Id*., ¶ 1.21. Plainly, this release does not cover defendant Rite Aid Corp.

### 3. Limited Overlap of the Putative Class Here and the Settlement Class in *Goode*

At the telephonic conference on November 5, 2013, the Court inquired as to whether there was any overlap between the classes being settled in *Goode* and the pending putative class in this action, out of the apparent concern whether the settlement might negatively impact upon the *Moore* putative class members. The answer is that, yes, there is some overlap, however, the only overlap is for a small group of members of the class in *Goode* who have an *additional* class claim against Rite Aid being pursued in this matter. None of the class members' rights in either case will be limited in any way by the other case.

Plaintiff Kyra Moore is a member of the "Pre-Adverse Action Injunctive Relief Class" ("PAA Class"), as defined in the *Goode* Settlement Agreement, ¶ 1.18, in that "during the Class Period, she received a Pre-Adverse Action Notice sent by [LexisNexis] on behalf of a . . . potential employer regarding a consumer report which report contained derogatory or negative information from the [Esteem] Database." The "Class Period" in *Goode* is from May 3, 2009 to the present.  Agreement, ¶ 1.6.  In this case, Plaintiff Moore is seeking to represent the following class:

> All employees or applicants for employment of Defendant Rite Aid residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a Background Report obtained from LexisNexis that was used by Rite Aid to make an adverse employment decision regarding such employee or applicant for employment, within two years prior to the filing of this action (i.e., March 22, 2011), and for whom Rite Aid failed to

>provide the employee or applicant a copy of their consumer report or a copy of the FCRA summary of rights at least five business days before it took such adverse action.

Complaint, ¶ 57.

Besides Ms. Moore, there will undoubtedly be other PAA Class Members in *Goode* who are also in the putative class here, but that will be a small group, for several reasons. First of all, the *Goode* class includes consumers who received Pre-Advance Notices from LexisNexis on behalf of *any* employer, not just Rite Aid. Second, unlike in *Goode*, this case is not limited to employment background adjudications based on Esteem; it encompasses the entire universe of background adjudications conducted by LexisNexis regarding Rite Aid job applicants since March 22, 2011, with Esteem representing only a small portion of the "Non-Competitive" adjudications performed.

Thus, in summary, there will be some members of the putative class in this matter—for whom the basis of a negative adjudication by LexisNexis for Rite Aid was an Esteem match—who are also in the PAA Class in *Goode*. For this small group, depending on the Court's resolution of Rite Aid's Motion to Dismiss, they may be entitled in this case to *additional* relief, in the form of statutory damages for Rite Aid's willful violation of 15 U.S.C. § 1681b(b)(3). For the remaining class members in this matter, there will be no overlap in class membership.

Respectfully submitted,

DATED: NOVEMBER 19, 2013		**LANGER GROGAN & DIVER, P.C.**

*/s/ Irv Ackelsberg*
IRV ACKELSBERG
1818 Arch Street, Ste. 4130
Philadelphia, PA 19103
(215) 320-5660

4

**FRANCIS & MAILMAN, P.C.**

JAMES A. FRANCIS
DAVID A. SEARLES
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Certification of Service

Irv Ackelsberg, counsel for the Plaintiff, certifies that on this date he served counsel for Rite Aid Corp., Jonathan Wetchler and Caroline Austin, with a copy of the forgoing Supplemental Memorandum via ECF; and that on November 15, 2013, he served the said counsel with courtesy copies of the settlement documents in *Goode v. LexisNexis Risk & Analytics Group, Inc.*, No. C.A. No. 11-2950 via electronic mail, including the Class Action Settlement Agreement and the Motion and Memorandum for Preliminary Approval of the Settlement.

DATED:  NOVEMBER 19, 2013                **LANGER GROGAN & DIVER, P.C.**

*/s/ Irv Ackelsberg*
IRV ACKELSBERG
1818 Arch Street, Ste. 4130
Philadelphia, PA 19103
(215) 320-5660